UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| SLIPKNOT, INC.<br><br>  Plaintiff,<br><br>vs.<br><br>SLIPKNOT.COM; JOHN DOES 1-10, fictious individuals responsible for registering and creating Slipknot.com; and ABC CORPORATIONS 1-10, fictious entities responsible for registering and creating Slipknot.com,<br><br>  Defendants. | Case No 1:25-cv-01777-PTG-WEF |

**EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT, AND TO <u>PRESERVE OBJECTION TO LACK OF IN REM JURISDICTION</u>**

Slipknot Online Services, Ltd. "Registrant", the lawful registrant of the Defendant Domain Name <SLIPKNOT.COM>, by and through undersigned counsel, specially appears pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II) and (C) for the limited purpose of protecting its property interest in the domain name, preventing entry of default, and preserving all jurisdictional defenses.

In support, Registrant states:

1. **Nature of Proceeding and Limited Appearance.**

This action purports to be an *in rem* proceeding under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(2), naming the domain name <SLIPKNOT.COM> as the defendant res. Claimant is the lawful and long-time registrant of the domain name, having continuously owned and maintained it for approximately twenty-four (24) years. Claimant appears specially and not generally, solely to request limited procedural relief.

1

2. **Statutory Prerequisite Not Yet Met.**

Upon review of the docket, Plaintiff has not filed the "registry certificate" required by 15 U.S.C. § 1125(d)(2)(A)(ii)(II) to establish that the domain name is located within this District. Until such certificate is filed, this Court lacks in rem jurisdiction over the domain name, and no responsive pleading or default should be required.

3. **Reservation of All Defenses.**

This appearance does not constitute consent to personal jurisdiction, venue, or service, and Claimant expressly reserves all defenses under Fed. R. Civ. P. 12(b) and any other applicable law, including but not limited to challenges to jurisdiction, ownership, priority, and any alleged bad-faith intent to profit.

4. **Recent Retention and Good Cause.**

Claimant retained counsel today, November 5, 2025**]**, after learning of this proceeding and the risk of default. Counsel acted promptly to file this motion the same day to preserve Claimant's rights. Good cause exists under Fed. R. Civ. P. 6(b)(1)(A) to extend time so that Claimant may review the pleadings, registrar and registry records, and prepare an appropriate response once jurisdiction is properly established.

5. **No Prejudice; Interests of Justice.**

The requested brief extension will not prejudice Plaintiff and will promote resolution on the merits. Courts in this Circuit disfavor default judgments, particularly where a defendant acts diligently and in good faith. *See Trueblood v. Grayson Shops of Tenn., Inc.*, 32 F.R.D. 190, 195–96 (E.D. Va. 1963)(" From these statements and a study of the authoritative decisions, we learn that default judgments are not favored in law; that courts exist to do justice and are reluctant to enforce an unjust judgment.")(citing 3 Barron & Holtzoff, Federal Practice & Procedure, Sec. 1217, p. 89, and 7 Moore, Federal Practice, Sec. 60.19, p. 225.). *See also* Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010)("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Moreover, given Claimant's two-decade history of ownership of the domain name without prior legal challenge, equity favors allowing a fair opportunity to respond rather than a default judgment.

**WHEREFORE**, Claimant respectfully requests that the Court:

a. Recognize this special appearance under 15 U.S.C. § 1125(d)(2)(A)(ii)(II) solely for the limited purpose of this motion, without waiver of any defenses;

b. Hold that any response deadline is not yet triggered until Plaintiff files the registry certificate required to establish in rem jurisdiction;

c. Alternatively, extend Claimant's time to answer or otherwise respond to the Complaint by 30 days from the date such certificate is filed or as the Court deems appropriate; and

d. Grant such other and further relief as the Court deems just and proper.

DATED: November 5, 2025,

/s/Jeffrey J. Neuman (VA Bar No. 41744)
JJN SOLUTIONS, LLC
9445 Brenner Ct.
Vienna, VA 22180
Tel: 202-549-5079
Jeff@jjnsolutions.com

*Attorney for Plaintiff,*
*Best Drinks, LLC*

3

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the Commonwealth of Virginia that I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Craig C. Reilly, Esq.<br>VSB # 20942<br>429 N. St. Asaph Street<br>Alexandria, VA 22314<br>T: (703) 549-5354<br>F: (703) 549-5355<br>E: craig.reilly@ccreillylaw.com | Jessica H. Zafonte<br>CHIESA SHAHINIAN & GIANTOMASI PC<br>11 Times Square, 34 Floor<br>New York, NY 10036<br>212.324.7278<br>jzafonte@csglaw.com |
| Counsel for Plaintiff | Counsel for Plaintiff |

SIGNED AND DATED this 5th day of November 2026 at Vienna, Virginia.

**JJN SOLUTIONS, LLC**

By:  /s/*Jeffrey J. Neuman*
Jeffrey J. Neuman

4